THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:09CR460 DS |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANTS' MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| LESTER HEMMERT MOWER, EVA JEANETTE MOWER, ADRIAN ANGUS WILSON, and NATHAN WHITNEY DRAGE, | ) | |
| Defendants. | ) | |

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUN 24 2013

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendants have filed a motion to dismiss for violations of the Sixth Amendment right to a speedy trial and the Speedy Trial Act. Defendants filed this motion pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161 (STA), and Rule 48, Federal Rules of Criminal Procedure. Defendants are asking that the Superseding Indictment be dismissed with prejudice.

Defendants argue in their motion that there have been 179 untolled days. The Speedy Trial Act requires a federal criminal trial to commence within seventy days of the latter of the filing of the information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1); *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). The STA provides for excludable periods of delay. § 3161(h). "Some of these delays are excludable only if the district court makes certain findings enumerated in the statute. Other delays are automatically excludable, i.e., they may be excluded without district court findings." *Bloate v. United States*,

### 67 Days from October 31, 2012-January 7, 2013

On January 19, 2012, Defendants filed a motion to continue trial and to vacate and reset scheduling order. At this time Defendants' motion to suppress was pending. In Defendants' motion they stated, "[c]ounsel for Mr. Drage had only recently re-entered the case, the government and grand jury having superseded the indictment since counsel withdrew. Counsel will do everything that is reasonable to come up to speed and assist in moving the case along, but given the volume of information, anticipated length of trial and extensive work the parties and Court must complete before even knowing whether or in what form the case can move forward, a continuance is appropriate in the interest of justice. Finally, the Court should vacate the current scheduling order and reschedule dates, including dispositive motion cutoff for a reasonable time after the in camera inspection and review are completed." A new trial date was not set until a status conference on 12/17/12.

Because the dates and trial dates were vacated until a "reasonable time after the in camera inspection and review are completed" at the request of the defendants and because defendants requested this extension and continuance in the interest of justice, ends of justice findings are appropriate until new dates were set on 12/17/12. Until that time this motion was still pending and thus all time was tolled. The Court stated in *Toombs*, 574 F.3d at 1269 that "[w]hile the preferred practice is for the district court to make its findings on the record at the time the continuance is granted, findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss." Zedner v. United States, 547 U.S. 489, 506-07 & n. 7, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Additionally, if dates including trial dates had not been vacated and continued in the interest of justice, defendants could not have filed their recent motions as the time to file

3

dispositive motions had passed on 1/20/12. At the hearing on 12/17/12, the court reserved making findings under the Speedy Trial Act until a ruling on the instant motion had been made but set a trial date of August 6, 2013. These findings for which the court reserved entering on the record until this motion had been filed and briefed have now been entered in accordance with the Speedy Trial Act. Therefore, because all the time had been properly tolled under the Speedy Trial Act and appropriate findings made, there have not been more than 70 untolled days.

Even if the January 19, 2012 motion was not considered as open and properly tolling the days, the Motion to Suppress was ongoing until 10/31/12. At most, there would be 27 untolled days from 10/31 to 11/27 when the appeal was filed until 12/6 when the appeal was withdrawn, and an additional 11 days from 12/6/12-12/17/12 when a new trial was set and the court reserved making findings under the Speedy Trial Act which have now been properly put on the record. If those 38 days were added to the 8 days which the government has conceded were untolled from 8/5/2002-8/14/2009 then the number of days is still below the 70 days required in which to have a speedy trial.

Since the court finds that there were not more than 70 untolled days and therefore there was no violation of the Sixth Amendment right or Speedy Trial Act, the court does not need to address the issue of prejudice.

## III. CONCLUSION

Having reviewed the motion and the government's response, the Court finds the defendants' Motion to Dismiss for violations of the Sixth Amendment and Speedy Trial Act is DENIED.

DATED this _24th_ day of June, 2013.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT